SLR/vl:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HELENA M. ROURA,

                                                                            **DEFENDANT'S PROPOSED**
                                                                            **JURY INSTRUCTIONS**
                                                                            Civil Action
                  Plaintiff,                              No. 05-0956

                                                                            (Wexler, J.)
      - against-                              (Wall, M.J.)

JOHN E. POTTER, POSTMASTER GENERAL,

               Defendant.
-----------------------------------------------------------------X

       Defendant John E. Potter, Postmaster General of the United States Postal Service, by his attorney BENTON J. CAMPBELL, United States Attorney, Eastern District of New York, VINCENT LIPARI, Assistant U.S. Attorney, respectfully submits the following proposed jury instructions, pursuant to Fed. R. Civ. P. 51. Defendant reserves the right to submit additional or modified requests, as the progress of the trial and presentation of the evidence may require.

## INSTRUCTION NO. 1

## PROPER PARTY

       The defendant in this case is John E. Potter, Postmaster General. Title VII of the Civil Rights Act requires that the head of the agency be made the defendant, and it is for that reason that John E. Potter is named as the defendant. But it is the United States Postal Service that is the real party in interest. John Potter is named merely as a representative of the Postal Service. For purposes of this case, therefore, I will refer to the defendant as the Postal Service.[1]

---

[1]     42 U.S.C. § 2000e-16(c).

## INSTRUCTION NO. 2

## IMPARTIAL CONSIDERATION OF THE EVIDENCE, WITHOUT SYMPATHY OR BIAS

Under your oath as jurors you must be guided solely by the evidence during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.[2]

## INSTRUCTION NO. 3

## ALL PERSONS EQUAL BEFORE THE LAW

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. The fact that the defendant in this case is the government must not affect your decision. All persons and entities are equal before the law, and government agencies are entitled to the same fair, impartial and conscientious consideration by you as any individual is entitled to receive.[3]

---

[2] Sand, Modern Federal Jury Instructions (Civil, Instruction 71-10 (1998).

[3] Adapted from 3 E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions – Civil § 71.01 (4th ed. 1987).

3

## INSTRUCTION NO. 4

## CIVIL RIGHTS ACT -- NATURE OF THE CLAIM

Federal law prohibits an employer from intentionally discriminating against an employee because of the employee's sex. Plaintiff, Helena Roura, alleges that the Postal Service intentionally discriminated against her because of her sex, when she was subjected to and the Postal Service allowed a hostile work environment. The Postal Service denies these charges. It is your responsibility to decide whether plaintiff has proven her case by a preponderance of the evidence.

## INSTRUCTION NO. 5

## PREPONDERANCE OF THE EVIDENCE

The burden is on plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for defendants as to that claim. To "establish by a preponderance of the evidence" means to prove that something is more likely to be true than not true. In other words, a preponderance of the evidence in the case means evidence that is more convincing than the evidence opposed to it. It should produce in your minds the belief that it is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who called them, and all exhibits in evidence, regardless of who produced them.[4]

---

[4]  Adapted from Devitt, Blackmar & Wolff § 72.01 (4th ed. 1987).

4

## INSTRUCTION NO. 6

## HOSTILE WORK ENVIRONMENT CLAIM: ESSENTIAL ELEMENTS

Plaintiff alleges a kind of discrimination called "hostile work environment" because of her gender. A "hostile work environment" exists if plaintiff proves, by a preponderance of the evidence, all of the following elements:

First: she was subjected to conduct at work that was objectively severe or pervasive--that is, conduct that creates an environment that a reasonable person would find hostile or abusive; and

Second: she subjectively perceived the actions as hostile or abusive; and

Third: the conduct occurred because of plaintiff's gender.[5]

### First Element

**A.    Severe or pervasive**

Conduct must be extreme to amount to a change in the terms and conditions of employment.[6] Hostile work environment claims are not intended to promote or enforce civility, gentility or even decency at the workplace.[7] Many bosses are demanding. That is not enough to show a hostile work environment.[8] Nor is it enough that a boss or co-worker was crude or not so

---

[5]    Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) (citing Gregory v. Daly, 243 F.3d 687, 691-92 (2d Cir.2001)).

[6]    Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); Carrero v. New York City Housing Auth., 890 F.2d 569, 577-578 (2d Cir.1989).

[7]    Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 75 (2d Cir. 2001); Curtis v. DiMaio, 46 F. Supp.2d 206, 213-214 (E.D.N.Y. 1999).

[8]    Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002).

5

understanding, thereby making work life unpleasant.[9] Nor is the mere utterance of a derogatory remark that offends an employee sufficient to affect the conditions of employment.[10]

To prevail on a hostile work environment claim, plaintiff must show that her workplace was: (1) permeated with discriminatory intimidation, ridicule and insult and (2) that it was sufficiently severe or pervasive to alter the conditions of her work environment and create an abusive work environment.[11] Whether a work environment is hostile depends on the totality of the circumstances. Considerations include: (1) the frequency of the conduct, (2) the severity of the conduct, (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and (4) whether the conduct unreasonably interferes with the employee's work performance."[12]

The incidents must be repeated and continuous; isolated acts or occasional episodes are insufficient.[13] Plaintiff must prove that the harassing incidents were sufficiently continuous and concerted to be considered pervasive,[14] or that a single episode of sexual harassment was severe

---

[9] Benton v. Kroger Co., 640 F.Supp. 1317, 1321 (S.D. Tx. 1986); see also Christoforou v. Ryder Truck Rental, Inc., 668 F.Supp. 294, 303 (S.D.N.Y. 1987) ("[t]he law does not require an employer to like his employees, or to conduct himself in a mature or professional manner, or unfortunately, even to behave reasonably and justly when he is peeved").

[10] Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

[11] Harris, 510 U.S. at 21; Murray v. NYU College of Dentistry, 57 F.3d 243, 248 (2d Cir. 1995).

[12] Harris, 510 U.S. at 523; Brennan v. Metro. Opera Ass'n, 192 F.3d 310, 318 (2d Cir.1999).

[13] Kotcher v. Rosa & Sullivan Appliance Center, 957 F.2d 59, 62 (2d Cir. 1992)

[14] Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir.1997)

enough to establish a hostile working environment.[15] A single act must be extraordinarily severe to be sufficient.[16] Simple offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment.[17] Isolated, minor acts or occasional episodes do not warrant relief.[18] Sporadic use of abusive language is an ordinary tribulation of the workplace, and as such, is not enough to show a hostile workplace.[19]

**B.     Objectively Hostile**

A work environment will be considered hostile if a reasonable person would have found it to be so.[20] To determine this you must consider how a reasonable person would react to a similar environment under essentially like or similar circumstances.[21] That is, you must determine whether a reasonable person who is the target of discrimination would find the working conditions so severe or pervasive as to alter the terms and conditions of employment for the worse.[22]

**Second Element**

A plaintiff must subjectively perceive the environment to be abusive, that is she must

---

[15]     Richardson v. New York State Dep't of Correctional Service, 180 F.3d 426, 437 (2d Cir.1999).

[16]      Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir.2000).

[17]     Faragher, 524 U.S. at 788.

[18]     Kotcher, 957 F.2d at 62.

[19]     Faragher, 524 U.S. at 788.

[20]     Harris, 510 U.S. at 523; Brennan v. Metro. Opera Ass'n, 192 F.3d 310, 318 (2d Cir.1999).

[21]     Faragher, 524 U.S. at 787; Harris, 510 U.S. at 21-22.

[22]     Richardson, 180 F.3d at 436.

7

actually believe the environment to be hostile.[23]   If plaintiff does not prove that she actually perceived the conduct as hostile, then it did not alter the conditions of her employment and there is no Title VII violation.[24]

### Third Element

Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only, in pertinent part, at discrimination because of sex.[25]  In order to establish a sex-based hostile work environment under Title VII, plaintiff must prove that the conduct occurred because of her sex.[26]  Mistreatment at work, through being subjected to a hostile environment, is actionable under Title VII only when it occurs because of an employee's gender.[27]  Thus plaintiff must prove that the conduct she complains of occurred because of hostility to her because she is a woman.[28]

---

[23]   Holtz, 258 F.3d at 75.

[24]   Harris, 510 U.S. at 21; Raniola v. Bratton, 243 F.3d 610, 620 (2d Cir. 2001)..

[25]    Oncale v. Sundowner Offshore Serv., 523 U.S. 75, 80 (1998) (quoting Title VII).

[26]   Alfano, 294 F.3d 374.

[27]   Oncale, 523 U.S. 75, 79-80 (1998); Brown, 257 F.3d at 252.

[28]   Benette v. Cinemark U.S.A., Inc., 295 F.Supp.2d 243, 250 (W.D.N.Y. 2003) ("Although Benette described many instances of tasteless use of vulgar language by Jones, including repeated use of the word "fuck," the record shows that Jones used this language to all who were in earshot, irrespective of their gender. In addition, Jones did not limit his derogatory remarks to women . . . . The evidence is clear that Jones's conduct was not occasioned by the gender of the recipient of his invective"); Petrosino v. Bell Atlantic, 2003 WL 1622885, *7 (E.D.N.Y.) (Gleeson, J.) ("much of the conduct about which Petrosino complains, such as the foul language used in the garage generally and the graffiti, is not discrimination based on Petrosino's sex.  There is no evidence that the crude language was motivated by hostility toward Petrosino because of her sex").

## INSTRUCTION NO. 7

### EMPLOYER LIABILITY FOR HOSTILE WORK ENVIRONMENT CLAIM

Plaintiff must show a specific basis for imputing the hostile work environment to the employer.[29] Here, there is no dispute that the employer did not write the alleged graffiti and that the person or persons who wrote it are unknown. In this instance the Postal Service contends that the harassing employee, i.e. the person who wrote the alleged graffiti, was not a supervisor, but rather a co worker of plaintiff. An employer is liable for the hostile work environment created by a plaintiff's co-worker if the employer failed to provide a reasonable avenue for complaint or ... knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action.[30] This standard is essentially a negligence standard that an employer that has knowledge of a hostile work environment has a duty to take reasonable steps to remedy it.[31]

---

[29] Perry v. Ethan Allen, Inc., 115 F.3d at 149; Karibian v. Columbia University, 14 F.3d at 779; Kotcher v. Rosa & Sullivan Appliance Center, 957 F.2d 59, 62 (2d Cir. 1992).

[30] Fairbrother v. Morrison, 412 F.3d 39, 52 (2d Cir. 2005) (citations and internal quotations omitted); Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59, 63 (2d Cir. 1992).

[31] *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 65 (2d Cir. 1998); see also *Richardson*, 180 F.3d at 441; *Snell v. Suffolk County*, 782 F.2d 1094, 1104 (2d Cir. 1986).

9

## INSTRUCTION NO. 8

## DAMAGES

If plaintiff has proven by a preponderance of the evidence that defendant is liable on her claims, then you must determine the damages to which she is entitled. You should not infer that she is entitled to damages merely because I am instructing you on how to award damages. You must decide on liability first. I am instructing you on damages only so that you will have guidance should you decide that plaintiff is entitled to recovery.[32]

**CAUSATION**

I have said that you may award damages for only those injuries which you find that the plaintiff has proven by a preponderance of evidence to have been the direct result of the hostile work environment. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that there was a hostile work environment, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that the plaintiff claims to have suffered.

You may not speculate on damages. It is only actual damages that the law recognizes. The amount of your verdict must be based upon the evidence presented. You are not to award plaintiff speculative damages, meaning damages that, although possible, are remote, conjectural or speculative.[33]

---

[32]  Sand, Modern Jury Instructions (Civil) Instruction 77-1 (1998).

[33]  4 L. Sand, Modern Federal Jury Instructions (Civil) ¶ 87.03 at 87-237 (1995 ed.); 3 Edward J. Devitt et al., Federal Jury Practice and Instructions § 85.14 (4th ed. 1987); see Memphis Comm. School Dis. v. Stachura, 477 U.S. 299, 309-10 (1986).

10

**COMPENSATORY DAMAGES**[34]

The purpose of damages is to award just and fair compensation for any loss from defendant's violation of plaintiff's rights. In calculating damages, do not consider any back or front pay that plaintiff lost. If you find defendant liable, this will be calculated by the Court.[35]

A prevailing plaintiff in a discrimination case is entitled to damages for emotional pain, suffering, and mental anguish resulting from defendant's conduct. In this regard you should not award damages for speculative injuries, but only for those that the plaintiff proves, by a preponderance of the evidence, that she actually suffered as a result of defendant's conduct. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work.

**PUNITIVE DAMAGES**[36]

You may not award any punitive damages, that is a monetary award to punish defendant for engaging in unlawful discrimination.

---

[34] Adapted from Devitt, Blackmar and Wolff § 104.06 (1997 Supp.).

[35] The Civil Rights Act of 1991 excludes from compensatory damages "backpay", interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e-5(g))." See McCue v. State of Kansas, Dept. of Human Resources, 165 F.3d 784, 792 (10th Cir. 1999); Williams v. Pharmacia, 137 F.3d 944 (7th Cir. 1998);Wilson v. Belmont Homes, Inc., 970 F.2d 53, 55-56 (5th Cir. 1992); Dominic v. Consolidated Edison Co. of New York, 822 F.2d 1249, 1258 (2d Cir. 1987)

[36] Adapted from 42 U.S.C. § 1981a(b).

**NOMINAL DAMAGES**[37]

If you find, that defendant violated plaintiff's rights but that she suffered no injury, you may award "nominal damages." Nominal damages may not be awarded for more than a token sum, usually one dollar. You should award nominal damages if you conclude that the only injury that plaintiff suffered was the deprivation of her rights under the discrimination laws, without any physical, emotional or financial damage. You may also award nominal damages if you find that some injury resulted, but you are unable to compute the monetary damages except by engaging in pure speculation and guessing. You may not award both nominal and compensatory damages. If plaintiff was measurably injured, you must award compensatory damages; if she was not, you may award nominal damages.

**MITIGATION**

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes the same duty to mitigate damages on a person who claims she is damaged due to employment discrimination as on any other person claiming damages. The duty the law imposes is to take advantage of reasonable opportunities she may have to prevent the aggravation of her injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that plaintiff has suffered damages, the plaintiff may not recover for any damage she could have avoided through reasonable effort. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny

---

[37] Adapted from Sand, Modern Fed. Jury Instructions (Civil), Instruction 77-6 (1998).

12

recovery for those damages which she would have avoided had she taken advantage of that opportunity.

The question whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you, the jury, to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden to prove that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.[38]

Dated: Central Islip, New York
December 10, 2007

                                        BENTON J. CAMPBELL
                                        United States Attorney
                                        Eastern District of New York
                                        610 Federal Plaza, 5th Flr.
                                        Central Islip, New York 11722
                            By:   S/VINCENT LIPARI
                                        VINCENT LIPARI
                                        Assistant U.S. Attorney
                                        (631)715-7864

TO:   DAVID SCHLACHTER ESQ.

---

[38] Adapted from 4 L. Sand, Modern Federal Jury Instructions (Civil) ¶ 77.01 at 77-7 (1997 ed.); see Clarke v. Rank, 960 F.2d 1146, 1152 (2d Cir. 1992).